Adam B. Nach - 013622
Stuart B. Rodgers - 025720
**LANE & NACH, P.C.**
2001 East Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: stuart.rodgers@lane-nach.com

Attorneys for Roger W. Brown, Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>GRANT GOODMAN and TERI GOODMAN,<br><br>Debtors. | (Chapter 7 Case)<br><br>No. 2:21-bk-06030-DPC<br><br>**TRUSTEE'S APPLICATION TO COMPROMISE CLAIM**<br><br>**[F.R.B.P. 9019]** |

Roger W. Brown, Chapter 7 Trustee, by and through his attorneys undersigned, herein applies to this Court for an Order authorizing him to compromise the claims of the Estate with California Portland Cement Co. ("**CPCC**"). In support of this Application, Trustee respectfully represents the following Memorandum of Points and Authorities:

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  FACTUAL BACKGROUND

1. This case was commenced by a voluntary petition filed by Grant Goodman and Teri Goodman ("**Debtors**") under Chapter 7 of Title 11 of the United States Code, on August 4, 2021 ("**Petition Date**").

2. Roger W. Brown is the duly qualified and acting Trustee in this case ("**Trustee**").

3. Pursuant to a Judgment against the Debtors, CPCC obtained an Order of Continuing Lien on April 12, 2007 ("**Continuing Lien Order**"), establishing a continuing lien against all future non-exempt earnings of Debtor Teri Goodman. Pursuant to the Continuing Lien Order, CPCC received payments in the approximate amount of $9,500.00 during the 90-day "preference period" prior to the Petition Date ("**Payments**").

4. Trustee alleges that each of the Payments that CPCC received during the preference period is subject to avoidance ("**Preference Claims**").

5. On or about September 10, 2021, Trustee made demand on CPCC for the avoidance and return of the Payments and alleged in his demand that such Payments are avoidable transfers pursuant to 11 U.S.C. §547.

6. CPCC disputes that the Payments are avoidable as preferences and contends that CPCC had a valid and perfected lien as to the earnings and the Payments under Arizona law and pursuant to the Continuing Lien Order.

7. Trustee recognizes that although he believes that his legal position is correct, there is always risk associated with litigation on unresolved issues and that there will be attorney's fees and costs incurred in conducting litigation. Given the amount at issue, the legal fees and costs would rapidly deplete the recovery even if successful. Trustee projects the fees and costs could be anywhere from $4,000.00 to $6,000.00+ if this matter would proceed to litigation.

II. AGREEMENT BETWEEN THE PARTIES

Trustee and CPCC have agreed to settle the Preference Claims and the Estate's interest in the Payments for the total sum of $3,500.00 ("**Settlement Amount**"), subject to Court approval. In light of (a) the costs of litigating, (b) the amount at issue, and (c) the risk of no recovery for creditors if the Estate loses on the issue, along with all other factors, the Trustee believes the

settlement with CPCC is appropriate after consideration of all of the circumstances.

This settlement shall not be construed as an admission by either party as to the strengths or weaknesses of the arguments or issues presented.

CPCC will remit the Settlement Amount, made payable to "Roger W. Brown, Trustee" within fifteen (15) days of the entry of the Order approving this Application. Upon the Trustee's receipt of the Settlement Amount and the entry of an Order approving this Application, the Estate's interests in the Preference Claims and in the Payments and the Estate's claims against CPCC and its successors and assigns shall be deemed satisfied and forever released.

III. LEGAL ARGUMENT

The requested relief is authorized by Rule 9019(a) of the Federal Rules of Bankruptcy Procedure which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, the indenture trustee as provided in Rule 2002 and to any other entity as the court may direct.

The Trustee, in the exercise of his best business judgment and in consideration of the requirements of <u>A & C Properties</u>, 784 F.2d 1377 (9th Cir. 1986), <u>In re Woodson</u>, 839 F.2d 610 (9th Cir. 1988), and <u>In re Schmitt</u>, 215 B.R. 417 (9th Cir. BAP 1997), believes that the proposed compromise and settlement is appropriate resolution of this matter.

Bankruptcy courts have broad discretion in approving compromise agreements. <u>In re Woodson</u> 839 F.2d at 620. The Court may approve a compromise if it is fair and equitable. <u>Id</u>. In determining the fairness and adequacy of a proposed compromise agreement, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in collection; (3) the complexity of the litigation involved as well as the

expense, inconvenience and delay necessarily attendant to the litigation; and (4) the paramount interest of creditors and a proper deference to their reasonable views.

Consideration of these factors does not require the Court to decide questions of law or fact raised in the controversies sought to be settled, or determine that the compromise presented is the best possible outcome. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the lowest point in the zone of reasonableness". *Newman v. Stein*, 464 F.2d 689, 698 (2nd Cir. 1972). cert. denied. 409 U.S. 1039 (1972); see also *In re Pennsylvania Truck Lines, Inc*., 150 B.R. 595, 598 (Bankr. E.D. Pa. 1992) (holding that a bankruptcy court must consider these factors to see whether the settlement falls below the lowest point in the range of reasonableness.) Accordingly, if the court finds the compromise does not fall below the threshold of reasonableness, the compromise should be approved. *In re Planned Protective Services, Inc*., 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). In light of the substantial value being recovered and after consideration of the costs that would be incurred in litigating the matter, the Trustee believes the proposed settlement is in the best interest of the creditors and parties-in-interest of this Estate.

WHEREFORE, the Trustee prays for an Order of this Court as follows:

a. Authorizing the Trustee to accept the sum of $3,500.00, as set forth above, as full and complete satisfaction and release of the Estate's interests in the Preference Claims and in the Payments and of the Estate's claims against CPCC and its successors and assigns; and,

b. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 15th day of February, 2022.

**LANE & NACH, P.C.**

By  /s/ SBR 025720
        Adam B. Nach
        Stuart B. Rodgers
        *Attorneys for Trustee*

**Stipulated and Agreed to:**

**DICKINSON WRIGHT PLLC**


By: /s/ Michael Rubin (with permission)
    Michael Rubin
    Attorneys for California Portland Cement Company


COPY of the foregoing delivered
via electronic notification to:

Brian N. Spector
Schneider & Onofry, P.C.
365 E. Coronado Rd.
Phoenix, AZ 85004
Email: bspector@soarizonalaw.com
Attorney for Debtors

Office of U.S. Trustee
230 North First Avenue
Phoenix, AZ 85003
Email: Edward.K.Bernatavicius@usdoj.gov
Email: ustpregion14.px.ecf@usdoj.gov

By: */s/ S. Rochin*